

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

December 11, 2006

Katharine Lai
45 Blackburne Terrace
W. Orange, NJ 07052
*Pro-se Plaintiff*

Kimberly Ann Sked
Office of the NJ Attorney General
RJ Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant District V-C Ethics Committee*

Michael McLaughlin
Wasserman, Jurista & Stolz, P.C.
255 Millburn Avenue
Suite 207
Millburn, NJ 07041
*Attorney for Defendants Robert B. Wasserman and Wasserman, Jurista & Stolz*

Julian Wilsey
Franzblau Dratch, P.C.
354 Eisenhower Parkway
P.O. Box 472
Livingston, NJ 07039-0472
*Attorney for Defendants Bruce Wisotsky, Ravin Greenberg, P.C., Julian Wilsey, and
Franzblau Dratch, P.C.*

> Re:   Lai v. District V-C Ethics Committee, *et al.*
>        Civil Action No. 06-2661 (WJM)

Dear Litigants:

  This matter comes before the Court upon the following four motions: (1) Defendants Robert B. Wasserman and Wasserman, Jurista & Stolz, P.C.'s ("WJS") July 12, 2006 motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) Defendants Ravin Greenberg, P.C. ("Ravin"), Bruce Wisotsky, Franzblau Dratch, P.C. ("Franzblau"), and Julian Wilsey's September 8, 2006 12(b)(6) motion to dismiss; (3) Defendant V-C Ethics Committee's November 17, 2006 12(b)(6) motion to dismiss; and (4) Defendants Ravin, Wisotsky, Franzblau, and Wilsey's September 8, 2006 motion for imposition of monetary sanctions pursuant to Rule 11 Federal Rules of Civil Procedure.  *Pro-se* Plaintiff opposes all but the November 17, 2006 motion.  For the reasons explained below, the Court will **GRANT** the three motions to dismiss, **GRANT** the Rule 11 motion as to sanctions and **DENY** it as to fees, **DISMISS** the Complaint in its entirety, and direct Plaintiff that she may not file any further lawsuit, administrative proceeding or any other action, for any reason, against any of the Defendants or their counsel or any other persons who have acted on their behalf in this matter related to any of the events discussed in her Complaint, or the related bankruptcy and other proceedings involving either herself or Fantastic Realty, without prior permission of this Court.

## I.  Background

  Plaintiff filed for *pro-se* bankruptcy in February 2001 and the case was assigned to Judge Winfield with Wasserman (a partner in the WJS law firm), as her trustee (replacing Michael Kaplan as trustee). The Ravin law firm was appointed Trustee's counsel with Raven partner Wisotsky working on the file. Ravin filed an adversarial complaint against a company, Fantastic Realty, owned and operated by Plaintiff and her family, to void a fraudulent conveyance and preferential transfer.  Following contentious motion practice and court action related to the Fantastic proceeding, Plaintiff filed an action in March 2002 in the Superior Court of New Jersey against Ravin and Wisotsky for actions related to the bankruptcy case. Ravin and Wisotsky retained law firm Franzblau where Franzblau partner Wilsey worked on the file.  The state case was removed to the bankruptcy court in May 2002.

  On February 5, 2004, Judge Winfield dismissed the state court complaint citing, in part, to *Barton v. Barbour*, 104 U.S. 126, 127 (1881) for the proposition that "[u]nder the *Barton* doctrine a party is precluded from bringing suit against a court-appointed bankruptcy trustee and his or her counsel, in a non-appointing forum, for acts done in an administrative capacity, without first obtaining leave from the appointing court."  (*See* Winfield Feb. 5, 2006 Opinion at 16.)  On December 16, 2004, Judge Winfield entered an order permanently enjoining Plaintiff or Fantastic from commencing any "lawsuit, administrative proceeding or any other action, for any reason, against Robert Wasserman, Trustee, Michael Kaplan, Former Trustee, their attorneys, accountants or any other persons who have acted on their behalf during the pendency of this case."  (Winfield Dec. 16, 2004 letter at 3.)  On January 14, 2005, Judge Winfield denied Plaintiff's request for reconsideration; Plaintiff appealed to the D.N.J. and, on March 30, 2006, Judge Cavanaugh affirmed.

  On June 13, 2006, Plaintiff filed her original federal action *pro-se* before this Court.  Her Complaint relates entirely to actions taken by Defendants in relation to her bankruptcy and by the Ethics Committee that failed to sanction Defendant Wasserman.  Without any specificity or citation to law, Plaintiff contends that she "realized that defendants are all Jewish as well as many of members of District V-C Ethics Committee.  That's why they all discriminated me as a Chinese, Disabled, Woman."  (Compl.

at ¶8.)  Her First Count generically seeks "Civil Rights Damages" because Defendants refused to settle with her.  The Second Count seeks "Civil Rights Damages as a Chinese, NOT A JEWISH or WHITE RACE."  The Third Count seeks "CIVIL RIGHT damages as a disabled person who was born with Cerebral Palsy and Extremely High Intelligence."  Plaintiff fails to offer any valid support for these contentions in either her Complaint or briefings, nor does it appear she sought Judge Winfield's permission before filing the Complaint.

Defendants Wasserman and WJS filed their joint 12(b)(6) motion to dismiss for failure to state a claim on July 12, 2006.  They contend that Plaintiff's claim was improperly brought in violation of Judge Winfield's December 16, 2004 Order barring Plaintiff from bringing suit against Wasserman or his firm, among others.  Plaintiff responded on July 17 and 31, 2006 making unspecified references to her Complaint as arising under both the Americans with Disabilities Act ("ADA")  and the Civil Rights Act; however she failed to address Judge Winfield's Order.

Defendants Wilsey, Franzblau, Wisotsky and Ravin filed their joint 12(b)(6) motion on August 15, 2006 arguing that Judge Winfield's December 16, 2004 Order, and *res judicata* related to the state court case, bar Plaintiff's Complaint and that she has no cognizable claim under either the ADA or the Civil Rights Act.  They also seek an Order enjoining Plaintiff from filing future lawsuits against the named Defendants without prior court approval.

Defendant District V-C Ethics Committee moved to dismiss under 12(b)(6) on November 17, 2006 on the grounds that, among others, that the Ethics Committee is protected by Eleventh Amendment sovereign immunity and that the Complaint is untenable on its merits.

Finally, Defendants Wilsey, Franzblau,Wisotsky, and Ravin moved jointly on September 8, 2006 for Rule 11 monetary sanctions and attorney's fees in addition to their earlier request that the Court enjoin Plaintiff from filing future lawsuits against any of the named Defendants without prior court approval.

## II.     Standard for Dismissal Pursuant to Rule 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Moreover, when a document attached to the motion to dismiss, but not submitted with the complaint, is undisputed and authentic and the basis for the plaintiff's claims, a court may consider such a document.  *Pension Benefit*, 998 F.2d at 1196.  Likewise, a document attached by a defendant to a motion to dismiss is considered part of the pleading if it is referred to in the complaint and is central to the plaintiff's claims.  *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a

3

court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

Furthermore. the Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). Moreover, when a motion to dismiss involves a *pro-se* plaintiff, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d at 941 (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

### III.    Discussion

#### A.    Judge Winfield's December 16, 2004 Order Precluded This Suit as to All Defendants Except the District V-C Ethics Committee

There is no debate that Judge Winfield's December 16, 2004 Order precluded Plaintiff from filing this, or any other, action against Wasserman or any counsel who acted on his behalf during the pendency of the bankruptcy case. All of the claims in the Complaint stem from actions taken during the pendency of the bankruptcy case. Furthermore, Defendants Wisotsky, WJS, Ravin, Wilsey and Franzblau were all attorneys working on Wasserman's behalf (or with Wasserman's counsel in relation to issues arising from the bankruptcy case). Finally, no evidence has shown that Plaintiff received prior permission from Judge Winfield to file this action. Therefore, the motions to dismiss brought by Defendants Wasserman, WJS, Wisotsky, Ravin, Wilsey, and Franzblau must be **GRANTED.**

#### B.    The District V-C Ethics Committee Enjoys Sovereign Immunity

The District V-C Ethics Committee is wholly appointed by the Supreme Court of New Jersey "to assist in the administration of its disciplinary function." *See* N.J. Ct. R. 1:20-1(a). Filing with the Ethics committee is tantamount to filing with the Supreme Court. *See Middlesex County Ethic Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982). As such, the Ethics Committee enjoys sovereign immunity from suits brought against it by private citizens, such as Plaintiff, without consent. *See, e.g., Johnson v. State of New Jersey*, 869 F. Supp. 289, 295-98 (D.N.J. 1994). No consent has been given to this suit by either the Ethics Committee or the State of New Jersey. Therefore the Ethics Committee enjoys sovereign immunity and their motion must be **GRANTED.**

#### C.    Defendants' Rule 11 Motion for Sanctions is GRANTED

By letter of June 5, 2006, Defendants Wilsey, Wisotsky, Ravin, and Franzblau informed Plaintiff that "the allegations set forth in your Complaint go beyond frivolous" and "the purpose of this letter is to put you on notice that if you have file, or intend to file the complaint, we will pursue whatever remedies are available to us, including sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ." Furthermore, Defendants sent Plaintiff notice of their Rule 11 motion by letter dated August 14, 2006. On September 8, 2006, more than 21 days later, these same Defendants properly filed their Rule 11 motion seeking monetary sanctions. See Fed. R. Civ. P. 11(c).

Rule 11 sanctions may be levied by the Court against a party whose pleadings are, among others, frivolous, legally unreasonable, or presented for an improper purpose such as harassment or to delay

litigation. Fed. R. Civ. P. 11(b). Moreover, "[a] pro se plaintiff is not shielded from sanctions under Rule 11 . . . [h]owever, in considering whether to impose Rule 11 sanctions, a court may take into account a pro se plaintiff's status as someone who is 'untutored in the law.'" *Niyogi v. Intersil Corp.*, Civ. No. 05-4685 (AET), 2006 WL 2570826 at *2 (D.N.J. Sep. 5, 2006) (citations omitted).

Mindful of the deference given to *pro-se* litigants outlined earlier by the Court, it is clear that Plaintiff was aware both of Judge Winfield's December 16, 2004 Order and Defendants' June 5, 2006 letter. (*See* Rule 11 Motion, Ex. B (Plaintiff acknowledges receipt with handwritten note on bottom of copy of June 5, 2006 letter); *See* March 15, 2005 Appellant's Letter Brief at 5 (filed in support of Plaintiff's bankruptcy appeal before Judge Cavanaugh).) Furthermore, the Court can discern no merit, and Plaintiff has presented no valid support, for any of the claims in her Complaint. Regardless, Plaintiff filed her meritless Complaint and continues to prosecute it.

Therefore the Court **GRANTS** Defendants' motion for sanctions and concludes that, as authorized by Rule 11, a non-monetary directive is sufficient sanction. *See Levine v. New Jersey State Dept. of Cmty. Affairs*, Civ. No. 02 - 5570 (GEB), 2006 WL 1933697 at *2-3 (D.N.J. Jul. 11, 2006). Consequently, Plaintiff is directed that she may not file any further lawsuit, administrative proceeding or any other action, for any reason, against any of the Defendants or their counsel or any other persons who have acted on their behalf in this matter related to any of the events discussed in her Complaint, or the related bankruptcy and other proceedings involving either her or Fantastic Realty, without prior permission of this Court. Furthermore, the Court will **DENY** Defendants' request for attorney's fees from Plaintiff at this time. However, a request for fees and other monetary sanctions would be appropriate if Plaintiff fails to comply with the Orders of this Court.

An appropriate Order will accompany this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**